**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

LISA ROGERS                                                                          PLAINTIFF

v.                                          **3:10CV00041 SWW/BD**

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,                                          DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections and Introduction**

      This recommended disposition has been submitted to United States District Judge
Susan Webber Wright.  The parties may file specific objections to these findings and
recommendations and must provide the factual or legal basis for each objection.  The
objections must be filed with the Clerk no later than fourteen (14) days from the date of
the findings and recommendations.  A copy must be served on the opposing party.  The
District Judge, even in the absence of objections, may reject these proposed findings and
recommendations in whole or in part.

**II.     Procedural History**

      Plaintiff, Lisa Rogers, has appealed the final decision of the Commissioner of the
Social Security Administration denying her claim for Disability Insurance benefits and
Supplemental Security Income, based on disability.  Plaintiff alleged that she was limited
in her ability to work by nerve damage from carpal tunnel, thyroid problems and problems
with her right shoulder, arm and back.  (Tr. 109)  The Commissioner found that she was
not disabled within the meaning of the Social Security Act.

After conducting an administrative hearing at which Plaintiff and a vocational expert testified, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through July 30, 2009, the date of his decision.  (Tr. 17)  On December 30, 2009, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 1-3)  Plaintiff then filed her complaint initiating this appeal.  (Docket entry #2)  Both parties have submitted appeal briefs and the case is ready for decision.

After considering the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence and should be affirmed.

III.   **ALJ's Decision**

Plaintiff was 45 years old at the time of the hearing.  (Tr. 18, 85)  She graduated high school in regular classes.  (Tr. 113)  She has past relevant work as an assembly line worker.  (Tr. 16, 21, 110)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process:  (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled an impairment listed in the Listing of Impairments in Appendix 1, Subpart P, 20 C.F.R. Part 404 (hereinafter "a Listing"); (4) if not, whether the impairment (or combination of impairments) prevented the claimant from doing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from

---

[1]The Honorable W. Thomas Bundy.

performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g) (2005).

The ALJ found Plaintiff had not engaged in substantial gainful activity since April 16, 2002.[2]  (Tr. 12)  He found Plaintiff had the following "severe" impairments: obesity, hypertension, thyroidectomy, and status post-carpal tunnel release.  *Id.*  He determined, however, that she did not have an impairment or combination of impairments that met or equaled a Listing.  (Tr. 15)  He judged that Plaintiff's allegations regarding the intensity, persistence and limiting effects of her symptoms were only partially credible.  (Tr. 15-16)

The ALJ found that Plaintiff retained the residual functional capacity for light work with no overhead reaching and only frequent, rather than constant, handling, fingering and feeling.  (Tr. 15)  Based in part on the testimony of the vocational expert, the ALJ found Plaintiff retained the residual functional capacity to perform her past relevant work as an assembly line worker.  (Tr. 16)  Thus, the ALJ concluded that Plaintiff was not disabled.  (Tr. 17)

IV.   **Analysis**

A.   *Standard of Review*

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the administrative record, taken as a whole, to support the decision.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009), and 42 U.S.C. § 405(g).  "Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion."  *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007).

In reviewing the record as a whole, the Court "must consider the evidence which detracts from the Commissioner's decision, as well as the evidence in support of the

---

[2]   That was the date that she last worked.  (Tr. 109)  She alleged an onset date of February 1, 2000.  (Tr. 46, 48, 77, 85)  She worked after that date, however.  (Tr. 90)

decision," but the decision cannot be reversed, "simply because some evidence supports a conclusion other than that of the Commissioner." *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006). Thus, the only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

> B.    *Plaintiff's Assignments of Error*

Plaintiff disagrees with the ALJ's finding that she did not have an impairment or combination of impairments that equaled a Listing. (Plaintiff's Brief at 5) Plaintiff does not specify what Listing she contends she equaled; nor does she point to any evidence in the record to support her contention.

When a party fails to cite to the record in support of an argument, the point is deemed waived. See, *e.g.*, *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" plaintiff's conclusory assertion that the ALJ failed to consider whether he met listings because plaintiff provided no analysis of the relevant law or facts regarding the listings). See also, *Rotskoff v. Cooley*, 438 F.3d 852, 854-55 (8th Cir. 2006) (issue deemed abandoned when not developed in brief); *Perez v. Barnhart*, 415 F.3d 457, 462 n.4 (5th Cir. 2005) (argument waived by inadequate briefing); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review); and *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992) (appellant claiming error as to factual determination must provide court with essential references to record to carry burden of proving error).

Plaintiff also argues the ALJ erred in his finding that she retained the residual functional capacity to perform her past relevant work. (Br. 5-9) The ALJ must determine the claimant's residual functional capacity based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own

descriptions of her limitations.  See, *e.g.*, *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005); and *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003).

The ALJ also must evaluate the claimant's credibility.  *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2008).  Plaintiff testified as to multiple problems.  (Tr. 21-22)  Other evidence, however, was inconsistent with her testimony.  She completed an Adult Function Report in April, 2007.  (Tr. 118-26)  In that Report, she noted that her activities of daily living included making her bed; picking up dirty clothes; washing laundry; cooking in the crock pot, oven and microwave; light vacuuming; light housekeeping; watching television; watering her plants; driving; and shopping.  (Tr. 118-121)  She could pay bills, count change, handle a savings account, use a checkbook or money order, and drive.  (Tr. 121)  She could do very limited gardening.  Plaintiff reported spending time with family and occasionally attending events outside the home, including sporting events.  (Tr. 122)  She had no trouble concentrating.  (Tr. 124)

In sum, Plaintiff engaged in extensive daily activities that are inconsistent with the level of pain and limitation she  alleged at the hearing.  See *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010)("acts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking are inconsistent with subjective complaints of disabling pain"); *Clevenger v. Social Security Administration*, 567 F.3d 971, 976 (8th Cir. 2009)(not unreasonable for ALJ to rely on array of activities, including laundry, dishes, changing sheets, ironing, preparing meals, driving, attending church and visiting friends and family, to conclude assertion of disabling pain was not credible); *Roberson v. Astrue*, 481 F.3d 1020, 1025 (8th Cir. 2007)(plaintiff cared for eleven year old  daughter, drove her to school, drove elsewhere, fixed simple meals, did housework, shopped for groceries and had no trouble handling money); *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)(plaintiff performed household chores, mowed the lawn, raked leaves, shopped for

groceries and drove a car); *Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004)(plaintiff attended college classes and church, shopped for groceries, ran errands, cooked, drove, walked for exercise and visited friends and relatives); *Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001)(plaintiff took care of personal needs, washed dishes, changed sheets, vacuumed, washed cars, shopped, cooked, paid bills, drove, attended church, watched television, listened to radio, read and visited friends and relatives); and *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999)(plaintiff cooked some meals, watered flowers around house, helped wife paint, watched television, went out for dinner, occasionally drove and occasionally visited with friends).

Medical records from 2005 and 2006 revealed 5/5[3] strength in all of Plaintiff's extremities.  (Tr. 381-84, 386)  Her gait was within normal limits.  (Tr. 380, 382)  There were no sensory deficits.  (Tr. 384)  Records from 2008 revealed slightly elevated blood pressure, but no chronic physical or mental abnormalities.  (Tr. 447-48)

Plaintiff also contends the ALJ did not sufficiently examine the demands of her past relevant work.  (Br. 7)  There is no absolute requirement that the ALJ make findings based on the actual functional demands of a past relevant job; instead, the findings may be based on the functional demands and job duties of the occupation as generally required by employers throughout the national economy.  *Evans v. Shalala*, 21 F.3d 832, 833-34 (8th Cir. 1994); *Kirby v. Sullivan*, 923 F.2d 1323, 1326 (8th Cir. 1991).  The latter may be determined by the Dictionary of Occupational Titles.  *Evans* at 834; *Kirby* at 1327.

The ALJ found Plaintiff able to perform her past relevant work as it was generally performed.  (Tr. 16)  In any event, the claimant is the primary source for vocational

---

[3]  One useful scale for grading muscle strength assigns *0* to no visible muscle contraction, *1* to trace movement, *2* to limb movement when gravity is eliminated, *3* to movement against gravity but not resistance, *4* to movement against resistance supplied by the examiner and *5* to normal strength.  The Merck Manual 1751 (18th ed. 2006).

documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and non-exertional demands of such work.  Social Security Ruling 82-62.  Plaintiff supplied details of her work history in the Disability Report- Adult.  (Tr. 110)

Plaintiff's arguments concerning residual functional capacity seek to place the burden of proof on the Commissioner.  But, it is the claimant's burden, not the Commissioner's, to prove the claimant's residual functional capacity.  *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Masterson v. Barnhart*, 383 F.3d 731, 737 (8th Cir. 2004); *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003).

**V.    Conclusion**

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that a "reasonable mind would find adequate to support the ALJ's conclusion."  *Nicola*, 480 F.3d at 886.  In this case, the Court is convinced that the Commissioner's decision is not based on legal error.

For these reasons, the Court hereby recommends that the District Court affirm the final determination of the Commissioner and dismiss Plaintiff's complaint with prejudice.

DATED this 7th day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE